UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KAYLEIGH TILLMAN, a minor by and through her mother and next friend, Kourtney Tillman, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 2:21-cv-682-GMB ) |
| STARBUCKS CORPORATION, | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

On April 12, 2021, Plaintiff Kayleigh Tillman, a minor, filed a complaint by and through her mother and next friend, Kourtney Tillman, in the Circuit Court of Jefferson County, Alabama against Starbucks Corporation ("Starbucks"). Doc. 1-1 at 1–8.  Starbucks timely removed the case to the Northern District of Alabama on the basis of diversity jurisdiction. Doc. 1.  Pursuant to 28 U.S.C. § 636(c), the parties consented to the jurisdiction of a United States Magistrate Judge. Doc. 15.  Before the court is Starbucks' Motion to Dismiss. Doc. 3.  For the following reasons, the motion is due to be denied.

### I. STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must "take the factual allegations in the

complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Factual allegations need not be detailed, but "must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 678.

At the motion to dismiss stage, a court considers only those factual allegations in the complaint itself. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002) (noting that a court's review is "limited to the four corners of the complaint"). When determining whether a plaintiff's complaint survives a motion to dismiss, then, a court considers only the well-pled factual allegations in the complaint and not facts or legal conclusions presented for the first time in briefing. *See Morgan v. Dick's Sporting Goods, Inc.*, 359 F. Supp. 3d 1283, 1292 (N.D. Ga. 2019) ("A plaintiff cannot amend the complaint by arguments of counsel made in

2

opposition to a motion to dismiss."); *see also Cunningham v. Fulton County*, 2019 WL 162396, at *4 (N.D. Ga. Jan. 10, 2019) (citing *In re Androgel Anitrust Litig. (No. II)*, 687 F. Supp. 2d 1371, 1381 (N.D. Ga. 2010), for the proposition that factual allegations "must be properly linked in the complaint, not the response").

## II. FACTS ALLEGED IN THE COMPLAINT

According to the allegations of the complaint, Kayleigh Tillman and her mother were on the outdoor patio at Starbucks in Irondale, Alabama on May 27, 2019, when Tillman attempted to pet a dog.[1] Doc. 1-1 at 4. In response, the "dog viciously attacked [her] causing puncture wounds, lacerations, injury to her eye(s), swelling and scaring." Doc. 1-1 at 4.

The complaint alleges that it is Starbucks' ordinary custom and practice to allow dogs on its premises during business hours in areas that are open to the public.[2] Doc. 1-1 at 4. The complaint also contends that Starbucks "knew of and/or should have known of the dangerous propensity of customarily allowing dog(s) on their premises and failed to take precautions to keep the dog from biting and attacking" Tillman. Doc. 1-1 at 3. The complaint further alleges that Starbucks breached its duty to provide a safe environment by failing to "warn of the dangerous condition

---

[1] In the motion to dismiss, Starbucks asserts facts about the owner of the dog. Doc. 3 at 3 & 6. The court does not consider these allegations because they are outside of the complaint.
[2] In her opposition to the motion to dismiss, Tillman references a corporate pet policy and information reflected on Starbucks' corporate website. Doc. 19 at 4. These facts also are outside of the complaint and the court has not considered them in resolving the motion to dismiss.

3

present that day, specifically the presence of dog(s) on the premises and/or allowed on the premises." Doc. 1-1 at 7.  Finally, the complaint asserts that Starbucks did not properly supervise or train its employees to be aware when dogs are present and to "enforce[e] the rules and guidelines in which they are allowed." Doc. 1-1 at 5.

### III.  DISCUSSION

The complaint states four causes of action against Starbucks: (1) liability under the common law of Alabama,[3] (2) negligence and wantonness, (3) failure to warn, and (4) negligent supervision and training. Doc. 1-1 at 5–8.  Starbucks contends that these claims fail as a matter of law because Starbucks did not take any affirmative action with respect to the dog that attacked Kayleigh and, even if it had, the potential danger of the dog was open and obvious. Doc. 3 at 2–6.

The Alabama Supreme Court distinguishes between a landowner's duty to prevent injuries caused by the condition of the premises and its duty related to injuries caused by its own affirmative conduct.  In *Orr by and through Orr v. Turney*, 535 So. 2d 150 (Ala. 1988), the Court explained that it "remained firmly committed to the principle that when a landowner is sued for an injury resulting from a natural or artificial condition of the land, the status of the injured party determines the duty

---

[3] The court has adopted the complaint's terminology but is not aware of a standalone cause of action known simply as "liability under the common law of Alabama."  The factual allegations supporting this claim appear to sound in negligence and are repetitive of other claims in the complaint. *See* Doc. 1-1 at 5–6 (alleging Starbucks failed to take reasonable precautions to prevent dog attacks and did not adequately warn patrons of the dangers posed by dogs on their premises).

owed." *Id*. at 151. However, "[t]his special classification privilege is not generally regarded as applicable . . . when it is the affirmative conduct of the landowner, rather than the condition of his premises, that causes the injury." *Id*. at 152. In that case, general negligence principles apply. *See Baldwin v. Gartman*, 604 So. 2d 347, 348 (Ala. 1992). In other words, where a defendant's or its employees' actions cause an injury on the defendant's property, courts applying Alabama law find that the defendant's duty is grounded in traditional negligence principles, not premises liability, regardless of the plaintiff's status. *See Powell v. Piggly Wiggly Ala. Distrib. Co.*, 60 So. 3d 921, 925–26 (Ala. Civ. App. 2010); *Shelley v. White*, 782 F. Supp. 2d 1295, 1296 (M.D. Ala. 2010).

Starbucks first argues that the complaint should be dismissed because it took no affirmative action to create the alleged danger. Doc. 3 at 2–3. This argument does not prevail under the Rule 12(b)(6) standard for dismissal because the court finds that the complaint does just enough to allege an affirmative act. The complaint states that "it is the ordinary custom and practice of the Defendant . . . to allow dogs on the premises during hours of operation." Doc. 1-1 at 2. The complaint also alleges that Starbucks failed to post warning signs or notices of its practice of allowing dogs on the premises and did not enforce leash requirements. Doc. 1-1 at 3 & 4. These alleged customs, practices, and omissions sufficiently allege affirmative action for Tillman's claims to survive a motion to dismiss.

5

For similar reasons, the court rejects Starbucks' reliance on the "open and obvious" affirmative defense at this stage in the proceedings. Doc. 3 at 3–4. "[T]he 'open and obvious defect' defense applies to premises-liability claims . . . . [T]he defense has not been extended to negligence actions based on affirmative conduct committed by the alleged tortfeasor." *Powell*, 60 So. 3d at 926. Because Tillman has alleged affirmative conduct, this defense is not a basis for the dismissal of her claims.

Because the court finds that the complaint sufficiently alleges at least a minimal amount of affirmative action, the court analyzes Tillman's claims under general negligence principles. To state a claim for negligence, a plaintiff must allege "(1) that the defendant owed the plaintiff a duty; (2) that the defendant breached that duty; (3) that the plaintiff suffered a loss or injury; and (4) that the defendant's breach was the actual and proximate cause of the plaintiff's loss or injury." *DiBiasi v. Joe Wheeler Elec. Membership Corp.*, 988 So. 2d 454, 460 (Ala. 2008). Starbucks' argument focusing on the dog owner's knowledge (Doc. 3 at 5) misses the mark.[4] Instead, the court looks to the relationship between Starbucks and Tillman and finds that the complaint states claims against Starbucks.

---

[4] Starbucks' arguments regarding Tillman's decision not to sue the owner of the dog (Doc. 3 at 5–6) are inapposite. A plaintiff is the master of her complaint and may include or omit parties as she wishes.

## IV. CONCLUSION

For the foregoing reasons, it is ORDERED that Defendant's Motion to Dismiss (Doc. 3) is DENIED.

DONE and ORDERED on November 12, 2021.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE